UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD GEBHART,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN McHUGH, SECRETARY OF THE ARMY,<br><br>　　　　　　　　　　Defendant. | Case No. 3:15-cv-00221-MMD-VPC<br><br>ORDER |

　　　　Plaintiff sent a copy of the attached letter to the Court. Plaintiff is admonished that *ex parte* communications with a judge are inappropriate in most circumstances. *See* Local Rules, Part II, LR 7-6. Moreover, a document requesting a Court order must be styled as a motion, not a letter (*see* F.R.C.P. 7). Letters to a judge will be disregarded. To the extent Plaintiff wishes to ask for an extension of time to file his response to the motion to dismiss, Plaintiff should reach out to the defendant's counsel to secure a stipulation for extension of time first before filing a motion requesting an extension. The Court will not take any action in response to the letter.

　　　　DATED THIS 8th day of February 2016.

　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　MIRANDA M. DU
　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

220 Redstone Drive<br>
Reno NV 89512-1351<br>
3 Feb 2016

The Honorable Miranda M Du
Thompson Federal Building
400 S Virginia St
Reno NV 89501-2132

Honorable Du:

      I recently received a "Minute Order in Chambers" document that provided recent information about my case, 3:15-CV-0221-MMD-VPC. This document notified me there was a motion to dismiss my case. This is the first I heard about the status of my case since I filed my complaint on 21 Apr 2015. The "Minute Order in Chambers" indicated that I should have 14 days to rebut the motion to dismiss.

      I immediately went to Pacer.gov to again check on the status of my case. There, I noticed that Holly A. Vance, Assistant United States Attorney, submitted this motion to the court a couple weeks ago. After downloading Assistant United States Attorney's document from Pacer.gov, several procedural issues are the basis for their motion to dismiss, including a seemingly non-procedural basis: I failed "to establish a jurisdictional basis."

      I opted to appeal a negative EEO decision to the District Court. The Agency's (US Army Corps of Engineers) final decision letter noted my options to pursue my complaint outside the EEO process. In the Agency's letter, there was a "Right to Counsel" section that states, "If you choose to file a lawsuit and you do not have an attorney or are unable to obtain one, you may request the court to help you locate an attorney to represent you. … If you cannot afford an attorney, the clerk's office will explain how you may request the court to appoint an attorney to represent you without payment or any fees or costs." This right is repeated in several EEO and Agency letters.

      Thus, I visited the Clerk's Office and obtained the "Filing a Complaint on Your Own Behalf" document; I also obtained the necessary forms and followed the instructions to the letter. I filed for a court-appointed attorney and waiver of all court costs. I was never provided a court-appointed attorney nor was I given any assistance for finding an attorney. Believing this was now on me to find an attorney, I learned, via contacting numerous attorneys, that my waiver of fees did not include attorney fees. I asked the Clerk's Office for resources to help me find an attorney, or at least point me in the right direction, but was only given a cold shoulder. I spent more than two weeks contacting a large number attorneys listed in various lists, but I could not find **any**, either from direct contact or leads for other attorneys (which were all out of state attorneys who are knowledgeable about federal employment statutes). Any potential attorneys were not licensed to practice in Nevada. Bottom line is that this is an unfair due process where I do not have an opportunity to exercise my right to have legal representation.

The United States Attorney's office complained about me not following procedures. It seems to me that they and others did not follow procedures. I was never notified that I needed to contact the United States Attorney nor is this disclosed in the "Filing a Complaint on Your Own Behalf" document. The defendant, John McHugh, Secretary of the Army, never contacted me after being served; the United States Attorney never sent their motion to me; the US District Court did not help nor provide a court-appointed attorney as described in the Agency's letter ("Right to Counsel"); and there is no Nevada-licensed attorney that is knowledgeable about federal employment and EEO law in Nevada. Again, there is no protected due process.

The "Summons in a Civil Action" states that "Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:" my name and address. What is the status of that requirement? The plaintiff, John McHugh, or his office or representative, never contacted me to respond to my complaint. It seems summary judgement should be made against the plaintiff for failing to answer or respond to my complaint.

I, again, request that the District Court of Nevada provide a court-appointed attorney. I request that the United States Attorney's motion to dismiss be denied. And I request that I am allowed to have my day in court.

I believe I have a strong case that is easily proven. The EEO Administrative Judge based her decision, in large part, on her "intuition," as she states. She states that my supervisors "*appeared* [my emphasis] credible" in their well-rehearsed responses, and that I was "deliberately evasive" with seemingly simple questions like, "who was your supervisor in April 2009." She failed to grasp how leading her question was or the chaotic nature of the organization, *e.g.*, I had many interim and temporary supervisors and office chiefs the last three years at the Agency. There were nearly a dozen staff who were rotated in and out of the various temporary office chief and supervisory positions. When the EEO Administrative Judge asked me such a seemingly easy question, I had to pause and think who during whatever particular month who was my supervisor or office chief; their roles often switched month to month. Being compelled to provide truthful testimony during the EEO hearing, I had to pause and recollect how to most truthfully answer that (and other) question(s). That likely appeared as being "deliberately evasive" yet when the same question was asked of my supervisors, they quickly provided an inaccurate answer (false testimony) and, thus, appeared to be more credible. The documented facts in the record bear out my answers as being truthful and the prevarication of my supervisors.

The EEO Administrative Judge "back burnered" my complaint for more than three years; she agreed with my attorney's request for the agency to compel exculpatory information from the Agency, but then never enforced it; she dismissed the Agency's blatant destruction of exculpatory evidence in the middle of the EEO complaint process; and she appeared to not be sufficiently familiar with the documents in the official record. Through two years of EEO

investigations, interviews, and documents, submitted by both sides, grew to more than 2000 pages to review. It is evident she was not familiar with key pieces of information. Well over 85% of the documents pertains to two permitting actions. Yet when my supervisors denied I completed these actions, she did not verify their answers (and ignored my truthful answers) by looking at the documents in the official record. There are replete duplicates that show my supervisors provided false testimony and appeared "credible" with their false testimony; the Administrative Judge was unable or unwilling to spend time to peruse the official record to learn the truth, instead of relying on her "intuition."

Another primary reason for elevating my complaint to the District Court is to allow me to introduce *de novo* evidence that was not admissible in an EEO action. I believe the District Court would find relevance and significance that my supervisors violated my employment contract by requiring me to be on (involuntary) Temporary Duty (TDY) for over a year, when I am supposed to be limited to 90 days (and supervisors have no authority to exceed 90 days). They violated their terms of my involuntary separation (forced retirement) *after* I accepted their terms. In large part it is very easy to show, based on documents in the official record and new documents I could no provide in District Court, the real reason for violating my TDY restriction and the hostile action taken against me. Management was protecting or failing to act on the malfeasance of our secretary, with whom they had a particularly fondness, and management refused to take appropriate corrective action per DOD (Department of Defense) and District Policies and Rules, and OPM policies and rules. I have dozens of emails showing her malfeasance, including misappropriating government funds, failing to accurately report daily work times on the biweekly Time and Attendance forms, engaging in personal sexual exploits during government work hours (some of these emails are nothing short of soft porn), etc. Management's solution was to force me out of the Reno office for reporting malfeasant behavior (so they would not have to take actions against our secretary) and require me to work in Salt Lake City the last year of my career (another violation of my employment contract). Their rationale for replacing me with a junior permit evaluator is inconsistent with their stated reasons for my transfer and inconsistent with OPM and DOD policy.

I request that you deny the United States Attorney's motion to dismiss my case. I want the opportunity to have due process and be fairly represented by an attorney. I cannot compete with all the legal shenanigans that I have seen throughout the EEO process and, now, thru my complaint in District Court. I have not been afforded legal representation, nor have I been afforded proper notification. Or you can award me summary judgement for the Agency failing to follow the procedural directive in the ""Summons in a Civil Action."

Sincerely,

*Richard Gebhart*

Richard Gebhart