UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD GEBHART,<br><br>                Plaintiff,<br><br>    v.<br><br>JOHN McHUGH, SECRETARY OF THE ARMY,<br><br>                Defendant. | Case No. 3:15-CV-00221-MMD-VPC<br><br>ORDER<br><br>(Def's Motion to Dismiss – ECF No. 8) |

Defendant John McHugh, Secretary of the Army, filed a Motion to Dismiss ("Motion") under Fed. R. Civ. P. 8(a), 10(b), 12(b)(1), 12(b)(2), and 12(b)(5) on January 19, 2016. (ECF No. 8.) The opposition was due by February 5, 2016. Plaintiff Richard Gebhart contacted the Court in an *ex parte* letter submitted February 3, 2016. (ECF No. 10.) The Court issued an order admonishing the Plaintiff that *ex parte* communication with the court is inappropriate in most circumstances, and advising Plaintiff that the Court would not take any action in response to his letter. (*Id.*) The Court informed Plaintiff of his option to contact the Defendant to stipulate to an extension of time to file his opposition to Defendant's motion to dismiss. (*Id.*) As of the date of this order, Plaintiff has not submitted an opposition to the Motion.

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir.1988). Rule 12(b)(5) permits a

defendant to move to dismiss an action where service of process was insufficient. *See* Fed. R. Civ. P. 12(b)(5). Where service is insufficient, the district court has discretion to dismiss the action or quash service. *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Security Pac. Nat'l Bank,* 538 F.2d 1387, 1389 (9th Cir.1976)).

In this case, Defendant is the Secretary of the Army and must be served according to Fed. R. Civ. P. 4(i). Rule 4(i) provides that a party must serve an officer of the United States acting in an official capacity by (1) delivering a copy of the summons and complaint to the United States attorney for the district where the action is brought and (2) sending a copy of both to the officer and to the Attorney General for the United States in Washington, D.C. Fed. R. Civ. P. 4(i)(1)(A)(i)-(2). Plaintiff served Defendant but failed to effectuate proper service on the United States. (*See* ECF No. 7.)

While *pro se* litigants are held to less stringent standards than lawyers, *pro se* litigants must follow the Federal Rules of Civil Procedure. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

It is therefore ordered that Defendant's Motion to Dismiss (ECF No. 8) is granted. This action is dismissed without prejudice. The Clerk is directed to close this case.

ENTERED THIS 31st day of August 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE