UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD GEBHART,<br><br>                 Plaintiff,<br><br>    v.<br><br>JOHN McHUGH, SECRETARY OF THE ARMY,<br><br>                 Defendant. | Case No. 3:15-CV-00221-MMD-VPC<br><br>ORDER<br><br>(Def's Motion to Dismiss – ECF No. 8) |

Plaintiff Richard Gebhart filed a complaint alleging he was discriminated against based on his age and disability and was retaliated against for filing an EEO complaint. (ECF No. 4.) Defendant John McHugh, Secretary of the Army, filed a Motion to Dismiss ("Motion to Dismiss") under Fed. R. Civ. P. 8(a), 10(b), 12(b)(1), 12(b)(2), and 12(b)(5) on January 19, 2016. (ECF No. 8.) Rather than filing his response, Plaintiff sent an ex parte letter to the Court. The Court advised Plaintiff that the letter was not an appropriate response, it would be disregarded, and the Court would not take any action in response to it. (ECF No. 10.) Plaintiff did not file a response to the Motion to Dismiss. The Court granted the Motion to Dismiss based on Defendant's argument that Plaintiff failed to serve Defendant according to Fed. R. Civ. P. 4(i). (ECF No. 11.)

Plaintiff has now filed a Motion to Grant Summary Judgment OR Reverse Motion to Dismiss ("Motion"). (ECF No. 12.) The Court construes the Motion as a motion for reconsideration, because there are no claims upon which Plaintiff may seek summary

judgment. Furthermore, Plaintiff begins his Motion by making clear that he is seeking reconsideration or appeal. (*Id.* at 1.) Defendant has filed a response opposing the Motion. (ECF No. 13.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

Plaintiff's Motion describes his difficulty finding an attorney to represent him and his understandable confusion and frustration with attempting to prosecute his case pro se. Importantly, for the purposes of the Motion, Plaintiff describes significant confusion and miscommunication in regards to his attempt to file a response to Defendant's Motion to Dismiss. (ECF No. 12 at 3.) Indeed, Plaintiff's February 3, 2016 letter to the Court – though an inappropriate means of attempting to establish this fact – indicates that he did not receive Defendant's Motion to Dismiss until weeks after it was filed. (ECF No. 10 at 2.) Given this purported delay and difficulty, and given Plaintiff's apparent ability to now properly file documents with the Court, the Court finds that Plaintiff has provided a valid reason for the Court to reconsider, and that the interests of justice require reconsideration of its order granting Defendant's Motion to Dismiss.

It is therefore ordered that Plaintiff's Motion to Grant Summary Judgment or Reverse Motion to Dismiss (ECF No. 12), which the Court has construed as a motion for reconsideration, is granted. Plaintiff is granted an additional 30 days from the entry of this Order to serve the proper persons, as identified in Fed. R. Civ. P. 4(i) and in

Defendant's Motion to Dismiss. If Plaintiff fails to serve the appropriate persons, the case will be dismissed.

The Court's order granting Defendant's Motion to Dismiss (ECF No. 11) is vacated. Defendant's Motion to Dismiss (ECF No. 8) is denied without prejudice and with leave to refile as appropriate.

DATED THIS 24th day of August 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE